**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 99-CR-0078-CVE** |
| | ) | |
| **LAWRENCE RINGER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Motion to Request Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 120) and defendant's Motion to Request Permission to Amend Motion for Modification of Sentence Pursuant to Title 18 usc 3582[c][2] (Dkt. # 122).[1] Defendant was convicted of two counts of bank robbery (Counts One and Two) and one count of possessing a firearm during commission of a felony (Count Three).

At defendant's sentencing hearing on May 15, 2000, the Court imposed a total sentence of 204 months based on application of United States Sentencing Guidelines ("USSG") §§ 2B3.1 and 2K2.4, which resulted in a total offense level of 27 and a criminal history category IV. For Counts One and Two, the sentencing range under the guidelines was 100 to 125 months. The Court imposed a term of 120 months as to each of Counts One and Two, but the sentences were to run concurrently with each other. Under 18 U.S.C. § 924(c), the Court was required to sentence defendant to a statutory minimum sentence of seven years for Count Three and this sentence was

---

[1]    Although styled as a motion to amend, defendant includes additional arguments in support of his motion for modification of sentence and the motion to amend is similar to a brief in support of his motion for modification of sentence. The motion to amend (Dkt. # 122) is granted to the extent that defendant seeks to amend or supplement his original motion and the Court will consider the arguments raised in defendant's motion to amend.

to run consecutively to the sentence for Counts One and Two.  The Court sentenced defendant to the statutory minimum of 84 months on Count Three.  Defendant's § 3582 motion seeks reduction of sentence on several grounds, asserting  (1) ineffective assistance of counsel; (2) his sentence was imposed in violation of the Sixth Amendment of the United States Constitution; (3) the applicable guideline range has been lowered as a result of Amendment 394, Amendment 591, and revisions in the application of criminal history, which the Court interprets as Amendment 709;[2] and (4) the applicable guideline range has been lowered as a result of Amendment 599.

I.      Ineffective Assistance of Counsel

        Defendant argues that his counsel was ineffective because they failed to object to the sentencing enhancement under USSG §2B3.1(b)(2)(F) for making a threat of death during a robbery, and further failed to argue the effect of Amendments 394, 591, 709, and 599 to the United States Sentencing Guidelines.  Dkt. ## 120, 122.  Defendant's ineffective assistance of counsel claim is not the proper subject of a § 3582(c) motion.  Section 3582 does not authorize a criminal defendant to raise claims of ineffective assistance of counsel, and the Court construes defendant's motion as a motion brought under 28 U.S.C. § 2255.  This is the second § 2255 motion brought by defendant.  See Dkt. # 72.  Defendant's original § 2255 motion was filed on November 14, 2002 and denied by the Court on June 11, 2003.  Dkt. # 76.   Defendant appealed this Court's denial of his § 2255 motion to the Tenth Circuit Court of Appeal, but the Tenth Circuit dismissed the appeal.  Dkt. # 118.  Under § 2255(h), this Court may either dismiss the motion for lack of jurisdiction, or transfer the motion to the Tenth Circuit for authorization, as provided in 28 U.S.C. § 2244.  "A district court

---

[2]     The USSG Chapter Four amendment described in defendant's motion is Amendment 709, which encompasses  revisions connected to multiple prior offenses and the "related cases" doctrine, and use of misdemeanor and petty offenses in the application of Chapter Four.

does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  However, a district court has the authority to determine whether a motion should be transferred to the Tenth Circuit or dismissed for lack of subject matter jurisdiction. Id. at 1252-53. When this Court reviews defendant's motion under both § 2255(h)(1) and (2), it becomes apparent that he has no chance of success on the merits.[3]  See In re Cline, 531 F.3d at 1252 (allowing a district court to decline transfer of a successive § 2255 motion because it "failed on its face to satisfy any of the authorization standards of § 2255(h).").  Because there is no risk that a meritorious successive claim will be lost absent a transfer, this Court concludes that it is not in the interests of justice to transfer the matter to the Tenth Circuit and defendant's § 2255 motion should be dismissed for lack of subject matter jurisdiction.

II.   Sixth Amendment Violation

Defendant argues that enhancements applied to his base offense level are unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), in violation of his Sixth Amendment right to a jury trial, because they were imposed by the judge rather than considered by a jury (Dkt. # 122).  The statute invoked by defendant permits a court to modify a sentence upon motion of the defendant only when a "sentencing range  . . .  has

---

[3]     Defendant asserts that defense counsel was ineffective because they failed to object to the sentencing enhancement under § 2B3.1(b)(2)(F) and Amendments 394, 591, 709, and 599. This claim is meritless.  Counsel did object to the threat of death enhancement at sentencing.  See Addendum to Presentence Report, Objection # 4.  Amendment 394 clarifies a relevant conduct application of § 2D1.1, which deals solely with drug offenses, a guideline unrelated to defendant's offense and guideline application.  Amendments 591, 709, and 599 all became effective after defendant's sentencing hearing and could not form the basis for an objection to the presentence report.  See infra, at III & IV.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." <u>See</u> 18 U.S.C. § 3582(c)(2).  Defendant does not contend that any such action has been taken by the Sentencing Commission.  Instead, defendant contends that <u>Blakely</u> and <u>Booker</u> render his sentence unconstitutional.  Section 3582(c)(2) does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to actual amendments to the sentencing guidelines. <u>See</u> <u>United States v. Burkins</u>, 157 Fed. Appx. 55 (10th Cir. Dec. 5, 2005) (rejecting <u>Booker</u> and <u>Blakely</u> claims and finding defendant not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his sentencing range was not lowered by the Sentencing Commission after he was sentenced);[4] <u>United States v. Clayton</u>, 92 Fed. Appx. 703 (10th Cir. Mar. 3, 2004) (finding "<u>Apprendi</u>-type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges");[5] <u>United States v. Culp</u>,  2005 WL 1799252, *2 (D. Kan. June 30, 2005) (finding § 3582(c)(2) is not a statutory vehicle for advancing <u>Booker</u> and is not a means to attack the constitutionality of a sentence).  This Court therefore lacks jurisdiction under § 3582(c)(2) to modify defendant's sentence based on <u>Booker</u> or <u>Blakely</u>.

The Court could construe defendant's motion as a second or successive § 2255 motion.  However, defendant would still not be entitled to relief because the Tenth Circuit has expressly held that neither <u>Blakely</u> nor <u>Booker</u> applies to a § 2255 motion. <u>See</u> <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2006) (holding that <u>Blakely</u> does not apply retroactively to convictions that were already final at the time the Supreme Court decided <u>Blakely</u> on June 24, 2004); <u>United States v.</u>

---

[4]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

[5]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

<u>Bellamy</u>, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like <u>Blakely</u>, <u>Booker</u> does not apply retroactively on collateral review, and [petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255.").  Accordingly, this Court concludes that it would not be in the interests of justice to transfer the matter to the Tenth Circuit as a second or successive § 2255 motion.

III.    <u>Application of Amendments 394, 591, and 709</u>

Defendant claims, without specificity, that Amendments 394, 591 and 709 apply toward determination of his guideline sentence (Dkt. ## 120, 122).   The government responds that none of these amendments to the United States Sentencing Guidelines is applicable to defendant.

Retroactive Amendment 394 was effective on November 1, 1991.  The defendant was sentenced on May 15, 2000, under the November 1998 edition of the <u>Guidelines Manual</u>. Amendment 394 was in effect at defendant's sentencing.  However, this amendment has no bearing on defendant's sentence because Amendment 394 clarified the relevant conduct provisions that apply to adjustments in USSG §§ 2D1.1 and 2D1.8 – offenses related to controlled substance offenses. Defendant's convictions for robbery and possession of a firearm during commission of a felony are governed by USSG §§2B3.1 and 2K2.4, and Amendment 394 has no impact on defendant's sentence.  <u>See</u> PSR, ¶¶ 26, 33, and 42; U.S. SENTENCING GUIDELINES MANUAL app. C - Vol. I, at 269 (2007).

Amendment 591, effective on November 1, 2000, may be applied retroactively, but this amendment has no bearing on defendant's sentence.  This amendment addresses "a circuit conflict regarding whether the enhanced penalties in §2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the

defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual." See U.S. SENTENCING GUIDELINES MANUAL app. C - Vol. II, at 30 (2007). This amendment applies to controlled substance offenses and is totally unrelated to defendant's convictions and guideline application.

The Court need not consider the merit of defendant's claims as to Amendment 709 because this amendment is not retroactive.  Amendment 709 is not listed in the 2007 Guidelines Manual – §1B1.10(c), or the Supplement to the 2007 Guidelines Manual, dated May 1, 2007.  Eligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment listed in §1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1.  As Amendment 709 is not listed in §1B1.10(c), the amendment is not retroactive.  See United States v. Chavez-Salais, 337 F.3d 1170 (10th Cir. 2003)

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range.  U.S. SENTENCING GUIDELINES MANUAL §1B1.10(a)(2)(B).  As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission by virtue of Amendments 394, 591 or 709, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c).  See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

IV.    Application of Amendment 599

Defendant argues that Amendment 599 will result in a four-level reduction in his offense level, resulting in a guideline range of 57 to 71 months for Counts One and Two.  Dkt. # 120, at 5.

6

Retroactive Amendment 599, effective November 1, 2000, clarified under what circumstances a defendant sentenced for violation of 18 U.S.C. § 924(c) in conjunction with other offenses may receive weapon enhancements for those other offenses. When sentencing defendant for Counts One and Two, the Court reached a total offense level of 27, in part, by applying a two-point enhancement for threat of death under §2B3.1(b)(2)(F) as to both Counts One and Two. Count Three involved a charge under 18 U.S.C. § 924(c) for possession of a firearm during commission of a felony. Amendment 599 revised USSG § 2K2.4, the applicable guideline for a conviction of 18 U.S.C. § 924(c), and the commentary to Amendment 599 states that "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)) is not be to applied in respect to the guideline for the underlying offense." In defendant's case, the offense level for Count Two, for which there is a connected § 924(c) conviction, was also increased two levels under § 2B3.1(b)(2)(F) for making a threat of death during a robbery. Had the commentary note applicable to Count Three been applied, the offense level for Count Two would have been 23, rather than 25. This is important because a multiple count adjustment was later applied that increased the count that had the highest offense level. As calculated at the time of sentencing, Count Two had an offense level of 25 and Count One had an offense level of 24. The result, after a multiple count adjustment, was a total offense level of 27. The offense level for Count One was properly calculated. A two-level increase for a death threat was applicable because there was no § 924(c) conviction related to that count. The double counting prohibition is only applicable to Counts Two and Three because Count Three embodied conduct that was part of Count Two. Had Count Two been properly calculated, Count One would have yielded

the highest offense level, a level 24.  With the two-level increase for the multiple count adjustment, the total offense level would be 26 for an applicable guideline range of 92 to 115 months for Counts One and Two, instead of a total offense level of 27 and a guideline range of 100 to 125 months. Count Three mandates an 84-month imprisonment term to run consecutive to any other sentence imposed.  The Government concurs with this revised guideline calculation.  Dkt. # 124, at 13.

Because retroactive Amendment 599 results in a reduced guideline range, defendant is eligible for sentence modification pursuant to § 3582(c).  However, even when the Sentencing Commission has made an amendment retroactive and the amendment subsequently lowers a defendant's guideline range, a court is not required to resentence the defendant and has discretion to determine whether or not to adjust a defendant's sentence in light of the amendment.  See United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994) (holding it is apparent from the language of §1B1.10 that a reduction is not mandatory but is committed to the sound discretion of the trial court); United States v. Mueller, 27 F.3d 494, 497 (10th Cir. 1994). The Court's discretion is also set forth in 18 U.S.C. § 3582(c)(2), which provides that "the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) . . . ."  In determining whether or not to reduce a sentence, a district court may consider all pertinent information in applying 18 U.S.C. § 3553(a) factors.  In particular a court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the community, and provide for just punishment.  When considering of these factors, the court may take into account conduct of the defendant that occurred after imposition of sentence.  See U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 n.3.  The instant offenses involve three violent crimes.  Defendant's criminal history includes convictions for second

degree robbery, making terrorist threats, and three convictions for weapons possession PSR, ¶¶ 51, 52, 55, 56, and 58.  Defendant's misconduct record while confined in the Bureau of Prisons includes two assaults, five occurrences of possessing a controlled substance, possession of a dangerous weapon, two episodes of setting fires, and two misconducts for fighting.  Defendant was ultimately transferred to his current location for disciplinary reasons.  It is apparent to this Court that defendant, based on his violent history and continued pattern of lawlessness and acts of violence while imprisoned, poses a risk to other inmates and institution staff and, upon release, the general public.

Application of retroactive Amendment 599 results in the lowering of the defendant's guideline range.  This Court recognizes that it has authority to reduce defendant's sentence in Counts One and Two.  However, in consideration of the § 3553(a) factors, specifically, the need to afford adequate deterrence to criminal conduct, protect the community, and provide for just punishment, this Court elects not to reduce defendant's sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion to Request Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 120) is **dismissed in part** and **denied in part**: the defendant's motion is **dismissed for lack of subject matter jurisdiction** to the extent he asserts claims of ineffective assistance of counsel and a <u>Blakely</u>-related Sixth Amendment violation; defendant's motion for reduction of sentence based on amendments to the USSG is **denied**. Defendant's Motion to Request Permission to Amend Motion for Modification of Sentence Pursuant to Title 18 usc 3582[c][2] (Dkt. # 122) is **granted**.

**DATED** this 6th day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT