IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 99-CR-0078-001-CVE |
| ) | |
| LAWRENCE RINGER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Reduce or Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2), citing Amendment 599 to the United States Sentencing Guidelines (Dkt. # 146). Defendant was convicted of two counts of bank robbery (counts one and two) and one count of possessing a firearm during and in relation to a crime of violence (count three). At the sentencing hearing on May 15, 2000, the Court[1] imposed a term of 120 months as to each of counts one and two, said counts to run concurrently, each with the other, and 84 months as to count three, said term to run consecutively to the terms imposed in counts one and two. The Court imposed a total sentence of 204 months based on application of United States Sentencing Guidelines (USSG) §§ 2B3.1 and 2K2.4, which resulted in a total offense level of 27 and a criminal history category IV for a sentencing range of 100 to 125 months for counts one and two. As to count three, defendant was subject to a mandatory minimum sentence of 84 months and under 18 U.S.C. § 924(c), this sentence was required to run consecutively to any other sentence imposed. Defendant seeks reduction of sentence based on the lowering of the applicable guideline range as a result of Amendment 599. Dkt. # 146.

---

[1]  The case was originally assigned to the Honorable Michael Burrage. The case was randomly reassigned to the Honorable H. Dale Cook in November 2002, and it was reassigned to the undersigned on September 3, 2008. See Dkt. # 126.

**I.**

On May 19, 2008, defendant filed a motion for modification of his sentence (Dkt. # 120). Defendant sought a reduction of his sentence on several grounds: (1) ineffective counsel; (2) an alleged Sixth Amendment violation based on Blakely v. Washington, 542 U.S. 296 (2004); (3) a lowering of the applicable guideline range as a result of Amendment 394, Amendment 591, and revisions in the application of criminal history, which the Court interpreted as Amendment 709; and (4) a lowering of the applicable guideline range as a result of Amendment 599. In an opinion and order (Dkt. # 127) filed on October 6, 2008, the Court dismissed in part and denied in part defendant's motion for modification of his sentence.

In determining whether to reduce defendant's term of imprisonment pursuant to Amendment 599, the Court considered the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses and the history and characteristics of the defendant, as well as the need for the sentence to protect the public from further crimes of the defendant. Dkt. # 127, at 8. In reaching its decision to deny defendant's motion for a reduction of his sentence, the Court noted that the instant offenses involved three violent crimes and the defendant's criminal history included convictions for second degree robbery, making terrorist threats, and three convictions for weapons possession. Id. at 8-9. In addition, the Court noted that defendant's misconduct record in the Bureau of Prisons (BOP) included two assaults, five occurrences of possessing a controlled substance, possession of a dangerous weapon, two episodes of setting fires, and two incidences of fighting. Id. at 9. The Court found that the defendant, based on his violent history and continued pattern of lawlessness and acts of violence while imprisoned, posed a risk of harm to other inmates and institutional staff and, upon release, to the general public. Id. Further, the Court found that application of retroactive Amendment 599 resulted in a lowering of the defendant's advisory guideline range and recognized that it had the authority to

2

reduce the defendant's sentence in counts one and two. Id. at 8. However, in consideration of the § 3553(a) factors, specifically, the need to afford adequate deterrence to criminal conduct, protect the community, and provide just punishment, the Court elected not to reduce the defendant's sentence upon the previous motion. The Tenth Circuit Court of Appeals affirmed the Court's opinion and order on October 20, 2009 (Dkt. # 142).

## II.

Defendant argues that Amendment 599 has been made retroactive and his total offense level as to counts one and two should be reduced by one level, and this results in an advisory sentencing guideline range of 92 to 115 months for those counts. Dkt. # 146, at 5. Defendant notes that the maximum sentence within the new advisory guideline range is lower than his sentence of 120 months as to counts one and two. Defendant asserts that he has not received an incident report since 2007, and the 2007 incident was a minor offense concerning his failure to report to a computer class that had been cancelled. He argues that taking in consideration his prior infractions, before and after 2007, the Court can make a determination that he has demonstrated exemplary conduct since his "youth days when he had not reached his maturation." Id. at 8.

Retroactive Amendment 599, effective November 1, 2000, clarified under what circumstances a defendant sentenced for a violation of 18 U.S.C. § 924(c) in conjunction with other offenses could receive a weapon enhancement under the USSG for those other offenses. In this case, the sentencing court reached a total offense level of 27, in part, by applying a two-point enhancement for threat of death under § 2B3.1(b)(2)(F) to both count one and count two. Count three involved a conviction of 18 U.S.C. § 924(c) – possession of a firearm during and in relation to a crime of violence. The commentary to Amendment 599-revised USSG § 2K2.4, the applicable guideline for a conviction of § 924(c) states that "to avoid double counting, when a sentence under this section is imposed in

3

conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied in respect to such underlying offense." In defendant's case, the offense level for count two, for which there is a connected § 924(c) conviction, was also increased two levels under §2B3.1(b)(2)(F) – threat of death. Had the commentary note applicable to count three been applied, the offense level for count two would have been 23, not 25. This is important because a multiple count adjustment was later applied that increased the count that had the highest offense level. As calculated at the time of sentencing, count two had an offense level of 25 and count one had an offense level of 24. The result, after a multiple count adjustment, was a total offense level of 27. The offense level for count one was properly calculated. A two-level increase for a death threat was applicable because there was no § 924(c) conviction related to that count. The double counting prohibition is only applicable to counts two and three because count three embodied conduct that was part of count two. Had count two been properly calculated, the offense level for count one would have been 24 and this would been the highest offense level. With the two-level increase for the multiple count adjustment, the total offense level would be 26, not 27, for an applicable guideline range of 92 - 115 months for counts one and two (a sentence reduction of eight months). Count three mandates an 84-month imprisonment term to run consecutively to any other sentence imposed. As recognized by the Court in its previous order (Dkt. # 127), defendant is eligible for a reduction in sentence under retroactive Amendment 599.

### III.

Even where the United States Sentencing Commission has made an amendment retroactive and the amendment subsequently lowers a defendant's guideline range, a federal district court is not required to resentence the defendant, but the district court has discretion to determine whether or not to adjust the sentence in light of the amendment. United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996) ("[t]he retroactive application of a change in the offense level of the Sentencing Guidelines is not required by § 1B1.10(a), but rather falls within the district court's discretion"); United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994) (finding that, under the language of §1B1.10, a reduction is not mandatory but is committed to the sound discretion of the trial court); see also United States v. Mueller, 27 F.3d 494, 497 (10th Cir. 1994). The Court's discretion is also set forth in 18 U.S.C. § 3582(c)(2), which provides; "the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) . . . ." In determining whether or not to reduce a sentence, a district court may consider all pertinent information in applying 18 U.S.C. § 3553(a) factors. In particular a court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the community, and the need to provide for just punishment. In consideration of these factors the court may take into account conduct of the defendant that occurred after imposition of sentence. See USSG § 1B1.10, comment. (n.1(B)(iii)).

As previously stated, defendant's first request for sentence reduction pursuant to Amendment 599 was denied based on the violent nature of the instant offenses, defendant's lengthy and violent criminal history, and defendant's violent misconduct record while incarcerated with the BOP. The Court notes that defendant has not committed any serious infractions since 2007, and his BOP record reflects that since arriving at FCI El Reno, defendant "has displayed a great attitude" and maintained

a consistent work history, and has received good to outstanding evaluations on his work assignments. However, the Court notes defendant has a significant and lengthy history of untreated mental illness. The presentence investigation report provides an extensive and well documented record of defendant's mental health, to include incidents in kindergarten where defendant experienced "blind rage" and attempted to choke and stab other children and hit them with a pipe. As a teenager, defendant had a nervous breakdown to include multiple hallucinations and psychotic fits. At age twenty, he was eventually diagnosed with bipolar disorder. The defendant has received treatment from numerous mental health facilities and has taken medication for bipolar disorder and schizophrenia. Defendant does not believe that the medications helped the schizophrenia, claiming that the voices he hears are real. In 1992, at age twenty-four, defendant was observed with a loaded firearm, firing the weapon while running on a street in the Bronx, New York. In 1998, at age thirty, defendant threatened to beat and kill his girlfriend's brother. In 1999, at age thirty-one, law enforcement officers responding to an assault discovered defendant at a gas station, holding a gas hose in one hand and matches in the other. He had a lit cigar in his mouth and was screaming, "I am going to blow up the fucking world." Subsequent to his arraignment on the instant offenses, defendant was taken to the U.S. Medical Center for Federal Prisoners and evaluated for a twenty-five day period to determine competency. The staff psychologist determined that defendant was suffering from bipolar disorder and that he became combative, assaultive, and psychotic when he was not receiving his medication. Bureau of Prisons records reveal that currently defendant is not participating in substance abuse or mental health treatment. Further, he has not enrolled nor completed any drug abuse programs, Anger Management, Criminal Thinking nor Pathways of Life classes despite consistent recommendations from the unit team.

The Court notes that defendant has not sought treatment for his mental health issues, has not participated in recommended classes to address those issues, nor has he shown a consistent history of taking medications to deal with those issues. The Court finds that the history and characteristics of the defendant, specifically his untreated mental health condition, as well as his on-going need for mental health treatment and medication, represent a continued danger to the public. Application of retroactive Amendment 599 results in the lowering of the defendant's advisory sentencing guideline range, and the Court recognizes that it has authority to reduce defendant's sentence for counts one and two. However, in consideration of the effect of Amendment 599 and all of the § 3553(a) factors, especially the need to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner, the Court exercises its discretion not to reduce defendant's sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce or Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2) citing Amendment 599 to the United States Sentencing Guidelines (Dkt. # 146) is **denied**.

**DATED** this 3rd day of September, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE